UNITED STATES BANKRUPTCY COURT
IN THE NORTHERN DISTRICT OF OHIO

IN RE: Alan R. Frasz and Ann M. Frasz,

    Debtor,

File No. 18-17477-aih

Chapter 7

Hon. Arthur I. Harris

_____/

McNAUGHTON-McKAY ELECTRIC CO.,
a Michigan corporation,

    Plaintiff,

v

ALAN R. FRASZ,

    Defendant.

Adv. Proc. No.:

_____

## COMPLAINT TO DETERMINE DEBT NON-DISCHARGEABLE

Creditor, McNaughton-McKay Electric Co. (hereafter "McNaughton-McKay" and/or "Plaintiff"), by and through its attorney, Brian P. Lick of Clark Hill PLC, for its complaint to determine the debt owed by Debtor/Defendant, Alan R. Frasz (hereafter referred to as "Defendant") non-dischargeable in bankruptcy, states as follows:

1. This is a Core Proceeding pursuant to 28 U.S.C. §157(b)(2)(A) and (I).

2. This court has jurisdiction over this proceeding pursuant to 28 USC §157(b)(1) and §1334 (a) and (b) and FRBP 4004(B) and 4007(b).

3. Plaintiff is a supplier of construction materials which are incorporated by contractors engaged in the construction industry on projects for the improvement to real property.

4. Plaintiff is a judgment creditor of Defendant in an amount not less than $136,484.17, as of the date of filing of Debtor's bankruptcy, plus a contractual TPD service charge of 7% per annum, and costs and attorney fees incurred to collect pursuant to the Consent Judgment entered in Wayne County Circuit Court, Case No. 18-011785-CZ ("Consent Judgment"). Attached as **Exhibit 1** is a copy of the Plaintiff's *Proof of Claim* including the *Judgment* entered against Defendant.

5. Pursuant to the terms of the Consent Judgment, the Consent Judgment and Judgment Amount, including all costs, actual attorney fees, service charges of 1.5% per month and any other applicable damages, are non-dischargeable in bankruptcy, pursuant to 11 U.S.C. §523(a)(2), (4)&(6). **Exhibit 1**.

6. Dovetail Construction Company, Inc., d/b/a Dovetail Solar and Wind ("Company"), is/was a contractor/subcontractor in the construction industry.

7. Company is/was a licensed residential builder, authorized to conduct business in Michigan and Ohio.

8. Defendant and the Company were engaged in the building construction industry.

9. Debtor and Company engaged Plaintiff to provide construction materials ("Contract") to be incorporated into specific construction projects for the improvement of real property ("Projects"). See *Credit Application* and *General Terms and Conditions of Sale* attached as **Exhibit 2**.

10. The Contract between the Parties is governed by the laws of the State of Michigan, including but not limited to the Michigan Building Contract Fund Act ("MBCFA"), MCL 570.151 et seq., and the Michigan conversion statute, MCL 600.2919a. Id.

11. Defendant is/was the sole owner, member, officer and resident agent of the Company.

12. Defendant is/was responsible for the operation and management of the Company, including but not limited to the payment of invoices, collection of accounts receivable, accounts payable and allocation of trust funds.

13. The Company and the Defendant, are "contractors" or "subcontractors" subject to the Michigan Building Contract Fund Act, MCL 570.151 *et seq* ("MBCFA").

14. Defendant is/was responsible for the Company's accounting and bank accounts of the Company.

15. Defendant is/was authorized on the bank accounts of the Company.

16. Defendant is/was authorized to draft and sign checks on behalf of the Company.

17. Defendant signed checks issued on behalf of the Company during the relevant time period.

18. Defendant executed a Settlement Agreement, Confession of Judgment and Complaint, Personal Guaranty, and Consent Judgment on January 30, 2017. See *Settlement Documents* attached as **Exhibit 3**.

19. Defendant personally guaranteed payment of all current and future obligations of Company to Plaintiff, including the principal balance on the account, all costs and attorney fees, all service charges on the account. **Exhibit 3**.

20. Defendant agreed that all rights and obligations under the Personal Guaranty are governed by the laws of the State of Michigan.

21. The balance owed on the account of Defendant and Company at the time of executing the Settlement Documents, was Four Hundred Forty Two Thousand Forty and 24/100

Dollars ($442,040.24), plus costs, actual attorney fees, and a Time Price Differential service Charge at a rate of 7% per annum ("Amount Owed"). Id.

22. The Settlement Agreement, Confession of Judgment and Complaint, and Consent Judgment provide that the Consent Judgment and Judgment Amount are non-dischargeable in bankruptcy pursuant to 11 U.S.C. §523(a)(2), (4) & (6).

23. Defendant expressly waived all defenses to Plaintiff's claims.

24. After written notice of default, and failure to cure, and the filing of the executed Settlement Agreement, Confession of Judgment and Complaint, Personal Guaranty, and Affidavit of Default, the Court entered the Consent Judgment against Defendant and the Company, on September 12, 2018, in the amount of Four Hundred Forty Two Thousand Forty and 24/100 Dollars ($442,040.24), plus costs, actual attorney fees, and a Time Price Differential service Charge at a rate of 7% per annum, less amounts paid pursuant to the Settlement Agreement.

25. The balance of the Amount Owed at the time of entry of the Consent Judgment was $134,193.69, as reflected in the Affidavit of Default. **Exhibit 4**.

26. As of the date of filing of Defendant's bankruptcy petition, the Consent Judgment balance was $136,484.17, plus a contractual TPD service charge of 7% per annum, and costs and attorney fees.

27. The Consent Judgment provides:

In the event Defendants file a bankruptcy petition before or within 91 days of the completion of the Settlement Agreement or satisfaction of the Judgment, Plaintiff expressly reserves the right to assert its claims against Defendants and seek a determination that the Judgment Amount, including all costs, actual attorney fees, a service charge of 7% per annum plus any other applicable penalty, treble damages, or other damages to which Plaintiff may be entitled to by law, is non-dischargeable in bankruptcy, pursuant to 11 U.S.C. §523(a)(2), (4)&(6). Execution and entry of the Settlement Agreement and/or Judgment shall not be deemed to constitute a novation or

waiver of any claims or causes of action that Plaintiff may have against Defendants for fraud and/or conversion, MCL 600.2919a.

**THE DEBT IS NON-DISCHARGEABLE PURSUANT TO 11 USC §523(a)(2), (a)(4) AND (a)(6) FOR VIOLATIONS OF MCL 570.151 *et seq.*, and CONVERSION OF TRUST FUNDS**

28. Plaintiff's Complaint is based upon the claim for construction materials which were sold to the Company and Defendant, and were delivered and incorporated into specific construction projects for the improvement of property.

29. Defendant engaged Plaintiff to provide materials for a specific construction projects.

30. Defendant engaged Plaintiff to provide materials to Defendant for a specific construction projects which the materials would be incorporated.

31. Materials were provided by Plaintiff to Defendant and/or Company for use on the specific projects, pursuant to Defendant's requests for specific material for the specific projects.

32. Materials were ordered as they were needed for specific projects.

33. Plaintiff furnished construction materials for the specific project at the request and demand of Defendant and pursuant to the Contract.

34. The above-referenced construction materials were purchased by Defendant and/or Company for the purpose of using the materials to complete the terms of certain construction and service contracts between the Defendant and/or Company, and owners of real property and/or other contractors.

35. Defendant and/or the Company received payments pursuant to construction and service contracts regarding the projects on which Plaintiff's materials were utilized.

36. Defendant and/or Company collected from contractors, property owners, or others, all or a portion of the full amount due upon said construction and service contracts

existing between Defendant and/or the Company and said real property owners and/or contractors.

37. The monies collected pursuant to the construction and service contracts by the Defendant and/or Company are construction funds and such funds are impressed with a trust by virtue of the MBCFA for and on behalf of Plaintiff as a supplier of materials on the projects.

38. Defendant appropriated all or a portion of the money received before the payment of all monies due or which would become due to laborers, subcontractors, materialmen, or others entitled to payment.

39. Contrary to the express provisions of the MBCFA and statutory trust, Defendant, retained trust funds and/or expended the trust funds or a part thereof, and/or directed representatives of Defendant and/or Company to retain trust funds and/or expend the trust funds, or a part thereof, for purposes other than which they were intended.

40. In the building construction industry, monies paid by any person to a contractor or a subcontractor for construction purposes are to be held in a trust fund. The MBCFA provides that any proceeds received by a contractor are "Builders Trust Funds" and are the property of the laborers, subcontractors, and suppliers first. MCL 570.151 *et seq.*.

41. The MBFCA provides that monies received by a contractor shall be considered to be trust funds for the benefit of laborers, subcontractors, and materialmen in which the contractor shall be considered as the trustee of all funds so paid to him.

42. The MBCFA is a criminal statute and violators of same are guilty of a felony. MCL 570.152. Additionally, the MBCFA can be applied for civil remedies as well.

43. Individuals are obligated to know and obey criminal statutes. Defendant's obligation to operate Company is similar to their obligation to obey traffic laws, drug laws,

criminal statutes, building code and occupational code. Defendant had an obligation and duty to know the law at issue in this matter.

44. Diverting funds or property received for completion of a specific construction project, for any other purpose other than to complete the project, is a violation of the Company's Residential Builders License and the Michigan Occupational Code, MCL 339.2411.

45. The MBFCA also states "[t]he appropriation by a contractor, or any subcontractor, of any moneys paid to him for building operations before the payment by him of all moneys due or so to become due laborers, subcontractors, materialmen or others entitled to payment, *shall be evidence of intent to defraud*. MCL 570.153 *(Emphasis added).*

46. Upon receiving funds for a construction project, the contractor (or subcontractor) becomes a trustee for the project. *Weathervane Window, Inc. v. White Lake Constr. Co.*, 192 Mich. App. 316, 325, 480 N.W.2d 337, 341 (1991). A contractor or subcontractor is prohibited from retaining or using construction payments from a particular project until ALL subcontractors, laborers and suppliers who worked on the project are paid. *Id.*

47. Corporate officers are contractors under the MBCFA. Under the MBCFA, officers, members, owners and even employees of a business in the construction industry may be held individually liable for misappropriating funds received by the business for any other purpose other than first paying subcontractors, suppliers and laborers. MCL 570.151 *et seq.*; *BC Tile & Marble Co. v. Multi Bldg. Co.*, 288 Mich. App. 576, 586-587 (2010). "There is no requirement that contract payments be made directly to the officer of a corporate contractor in order to hold the officer individually responsible under the MB[C]FA." *BC Tile* at 586-587. Evidence that the employee or officer used the funds is not necessary for individual liability. *Id at* 586-587. Individual liability does not require a plaintiff to pierce the corporate veil because

220802397.1 07186/309364

19-01011-aih    Doc 1    FILED 02/05/19    ENTERED 02/05/19 13:19:18    Page 7 of 12

the MBCFA directly provides for liability of corporate officers. *Trustees of the Mich. Regional Council of Carpenters Employee Benefits Fund v. Accura Concrete Walls, Inc.*, 408 F. Supp. 2d 370 ( E.D. Mich. 2005). "Officers of a corporation may be held individually liable when they personally cause their corporation to act unlawfully. In fact, a corporate employee or official is personally liable for all tortious or criminal acts in which he participates, regardless of whether he was acting on his own behalf or on behalf of the corporation." *BC Tile & Marble Co.* at 587 citing *People v Brown*, 239 Mich. App. 735, 739-740; 610 N.W.2d 234 (2000); *In re: Kenn R. Kriegish*, 275 BR 838, 840 (ED Mich 2002), *aff'd* 97 Fed Appx 4, 2004 (6th Cir 2004); *People v Brown*, 239 Mich App 735, 743; 610 NW 2d 234 (2000); *Au Bon Pain Corp v Artect, Inc*, 653 F 2d 61, 65 (2nd Cir 1981) (civil liability); *Patel v. Shamrock Floorcovering Servs.*, (In re Patel), 565 F.3d 963, 969 (6th Cir. Mich. 2009).

48. Defendant was responsible for the financial operations of Company, including payment of invoices, collection of accounts receivable and allocation of trust funds received by the Company.

49. Defendant was aware of: (i) the payments received from customers for jobs incorporating Plaintiff's materials, (ii) when the funds were deposited, and (iii) which vendors supplied the materials that were incorporated on the particular jobs for which funds were received.

50. Defendant had knowledge of the amount owed to Plaintiff and was responsible for the payment of the accounts payable.

51. Defendant had the ability to pay Plaintiff out of the funds received from specific projects.

52. Defendant breached his fiduciary duty to Plaintiff imposed by the MBCFA.

53. Defendant as the "trustee" of the monies received for suppliers, subcontractors and suppliers, misappropriated trust funds received on the construction projects on which Plaintiff's materials were incorporated.

54. Pursuant to MCL 570.153, Defendant's misappropriation of the trust funds is evidence of intent to defraud.

55. Despite receiving trust funds from jobs on which Plaintiff's materials were incorporated, Defendant failed to pay Plaintiff and used the funds for other purposes in violation of the MBCFA and/or contractual fiduciary duties.

56. Therefore, Defendant wrongfully defalcated and misappropriated trust funds and/or used the funds for his own use and benefit.

57. Defendant has failed to provide an accounting of the trust funds received.

58. Defendant's failure to account for the disposition of trust funds establishes the defalcation and Plaintiff is entitled to an award of the full amount pled. *Trustees of the Michigan Regional Council of Carpenters v. Accura Concrete Walls*, 408 F. Supp. 2d 370, 373 (2005).

59. Failure to account for and/or remit construction funds to subcontractors and suppliers is also a violation of the Company's Residential Builders License and the Michigan Occupational Code, MCL 339.2411.

60. The actions of Defendant in violation of MCL 570.151 *et seq.*, and defalcation of trust funds amount to an act to convert the property for their own use and benefit, and/or for use and benefit of Company and to the detriment of Plaintiff.

61. The acts of Defendant constitute conversion of Plaintiff's property without its consent.

62. Under MCL 600.2919a, a person damaged as a result of another person's stealing or embezzling property or converting property may recover three (3) times the amount of actual damages sustained, plus costs and reasonable attorney fees.

63. Therefore, Plaintiff is entitled to a non-dischargeable judgment against Defendant in the amount of $136,484.17, as of the date of filing of Defendant's bankruptcy, plus a contractual TPD service charge of 1.5 % per annum, treble damages, costs and attorney fees incurred to collect pursuant to the Consent Judgment, MCL 570.151 *et seq*, MCL 600.2919a, and the Contract.

64. Section 523(a)(2) of the Bankruptcy Code excepts from discharge any debt obtained by fraud, false pretenses, or intention use of a materially false statement with the intent to deceive on which the creditor relied.

65. Section 523(a)(4) of the Bankruptcy Code excepts from discharge any debt arising from fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny.

66. Section 523(a)(6) of the bankruptcy code excepts from discharge any debt for willful and malicious injury by the debtor to another entity or to the property of another entity.

67. In *Cohen v. De La Cruz*, 523 U.S. 213, 218-219 (U.S. 1998), the Supreme Court of the United States held that the exemptions to discharge under 11 U.S.C. § 523(a) "prevents discharge of "any debt" respecting "money, property, services, or . . . credit" that the debtor has fraudulently obtained, including treble damages assessed on account of the fraud."

68. The Supreme Court held that their reading equally applied to treble damages arising out of defalcation while acting in a fiduciary capacity. *Id* at 220, 223. The text of § 523(a)(2)(A), the meaning of parallel provisions in the statute, the historical pedigree of the fraud exception, and the general policy underlying the exceptions to discharge all support our

conclusion that "any debt . . . for money, property, services, or . . . credit, to the extent obtained by" fraud encompasses any liability arising from money, property, etc., that is fraudulently obtained, including treble damages, attorney's fees, and other relief that may exceed the value obtained by the debtor." *Id* at 223. See also *DirecTV, Inc. v. Karpinsky* (In re Karpinsky), 328 B.R. 516 (Bankr. E.D. Mich. 2005)(holding that that all of the damages, including treble damage and the attorney's fees authorized by statute, are non-dischargeable under 11 U.S.C. §§523(a)(4)).

69. Costs, interest, treble damages, and attorney fees arising out of the defalcation of trust funds are non-dischargeable when provided by statute or contract. *Cohen v. De La Cruz*, 523 U.S. 213 (U.S. 1998); see also *Clark & Gregory, Inc. v. Hanson* (In re Hanson), 225 B.R. 366 (Bankr. W.D. Mich. 1998).

70. Because the costs, statutory treble damages, attorney fees, interest and/or a service charges arise out of Defendant's defalcation and conversion of trust funds, violations of MCL 570.151 *et seq.*, the entire debt is non-dischargeable, pursuant to 11 U.S.C. § 523(a)(2), (a)(4) and (a)(6), MCL 570.151 et seq., MCL 600.2919a, and *Cohen v. De La Cruz*, 523 U.S. 213 (U.S. 1998).

WHEREFORE, Plaintiff, McNaughton-McKay Electric Co., respectfully requests that this Court enter: (1) a non-dischargeable Money Judgment against Debtor/Defendant Alan R. Frasz for an amount not less than $136,484.17, as of the date of filing of Debtor's bankruptcy, plus a contractual TPD service charge of 1.5 % per month, statutory treble damages, costs and attorney fees incurred to collect pursuant to the Consent Judgment, MCL 570.151 et seq, MCL 600.2919a, and the Contract; and (2) order determining that the Consent Judgment and/or debt is non-dischargeable pursuant to 11 USC §523(a)(2), (a)(4) and (a)(6) and 11 USC §1328(a)(2)

pursuant to the terms of the Settlement Agreement and Consent Judgment, and for violations of the Michigan Building Contract Fund Act, MCL 570.151 et seq., breach of fiduciary duties, defalcation, embezzlement and conversion of trust funds, MCL 600.2919a.

                                Respectfully submitted,

                                **CLARK HILL PLC**
                                Attorney for Plaintiff

Dated: February 5, 2019         By:  /s/ Brian P. Lick
                                Brian P. Lick (P71577)
                                Clark Hill PLC
                                212 E. Cesar E. Chavez Avenue
                                Lansing, MI 48906
                                (517) 318-3100
                                blick@clarkhill.com