The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on March 14, 2019, which may be different from its entry on the record.

**IT IS SO ORDERED.**

**Dated: March 14, 2019**



ARTHUR I. HARRIS
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
IN THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| IN RE: Alan R. Frasz and Ann M. Frasz, | File No. 18-17477-aih |
| Debtor, | Chapter 7 |
| | Hon. Arthur I. Harris |

| | |
|---|---|
| McNAUGHTON-McKAY ELECTRIC CO., a Michigan corporation, | |
| Plaintiff, | Adv. Proc. No.: 19-01011-aih |
| v | |
| ALAN R. FRASZ, | |
| Defendant. | |

### CONSENT JUDGMENT AND ORDER DETERMINING DEBT NON-DISCHARGEABLE

This matter having come before this Court pursuant to Plaintiff's Complaint to Determine

Debt Non-Dischargeable, the Stipulation to Entry of Consent Judgment and Order Determining

Debt Non-dischargeable, and the Court otherwise being fully advised in the premises, this Court makes the following findings and rulings:

1. Plaintiff, McNaughton-McKay Electric Co. (hereafter "McNaughton-McKay" and/or "Plaintiff"), shall have a final Judgment against the Defendant/Debtor, Alan R. Frasz ("Defendant) in the amount of One Hundred Fifty Thousand and 00/100 Dollars ($150,000.00) plus costs, actual attorney fees, and contractual interest at the rate of 7% per annum, as to Plaintiff's claims set forth in its Complaint filed on or about February 5, 2019 ("Consent Judgment").

2. This Consent Judgment shall be non-dischargeable pursuant to the provisions of 11 USC §523(a)(2) & (a)(4) of the United States Bankruptcy Code.

3. Except as provided below, enforcement or forced collection of this Consent Judgment may be made by any method allowed by Federal and/or state law to collect the Consent Judgment in either the U.S. Bankruptcy Court or the state court of any state of the United States.

4. Plaintiff will refrain from forced collection, and this Consent Judgment may be satisfied, as long as Defendant pays Plaintiff Fifty Thousand and 00/100 Dollars ($50,000.00)("Settlement Amount"), in strict compliance with the following payment terms and conditions ("Payment Terms"):

    a. Defendant must pay Plaintiff Twenty Five Thousand and 00/100 Dollars ($25,000.00) on or before March 31, 2019;

    b. Defendant must pay Plaintiff Twenty Five Thousand and 00/100 Dollars ($25,000.00) on or before January 31, 2020;

    c. All payments shall be payable to Plaintiff c/o Clark Hill PLC, and must be

delivered to Plaintiff's attorney at 212 East Cesar E. Chavez Avenue, Lansing, Michigan 48906, on or before the date due.

5. As long as Defendants comply with the Payment Terms in accordance with paragraph 4:

   a. Plaintiff will refrain from forced collection of the Consent Judgment;

   b. No interest shall accrue on the Consent Judgment; and

   c. Defendant may make additional payments and/or prepay all or part of the Settlement Amount in advance of the due date without penalty.

6. In the event that Defendant defaults in making any payments in accordance with paragraph 4, and fails to cure within fourteen (14) days of written notice of default sent by e-mail to Defendant's attorney at David@SimonLPA.com:

   a. Interest shall accrue on the Consent Judgment at the rate of 7% per annum from the date of entry of the Consent Judgment.

   b. Plaintiff may immediately proceed with enforcement of the Consent Judgment by any method allowed by Federal and/or state law to collect the Consent Judgment.

7. In consideration of the settlement, Defendants hereby waives their right to appeal after entry of the Consent Judgment.

8. This Consent Judgment and the settlement terms set forth herein, including but not limited to the Payment Terms of the Settlement Amount, shall be a final order determining the rights and obligations of the Parties, including the amount and non-dischargeable nature of the debt. This Consent Judgment shall survive confirmation, conversion, dismissal and/or discharge in Debtors' bankruptcy. The Parties are barred by the doctrines of res judicata and collateral estoppel from re-litigating their respective

rights and obligations, including the amount and non-dischargeable nature of the debt, in any court or future bankruptcy proceeding.

**IT IS SO ORDERED.**

We hereby stipulate and agree
to the form an entry of this
Stipulated Order:

| | |
|---|---|
| By: /s/ *Brian P. Lick* | By: /s/ *David O. Simon* |
| Brian P. Lick (P71577) | David O. Simon (0006050) |
| Clark Hill PLC | D.O. Simon Company, LPA |
| 212 East Cesar E. Chavez Avenue | 55 Public Square, Suite 2100 |
| Lansing, MI 48906 | Cleveland, OH 44113-1902 |
| (517) 318-3100 / blick@clarkhill.com | (216) 621-6201 |
| Attorney for McNaughton-McKay Electric Co. | david@simonlpa.com |
| | Attorney for Debtor/Defendant Alan R. Frasz |